STATE OF MICHIGAN
IN THE 3rd CIRCUIT COURT FOR THE COUNTY OF WAYNE
2 Woodward Avenue
Detroit, Michigan 48226
313-224-0157

KATHERYN ALEXANDER,
    An Individual,
    Plaintiff,

v

DELTA AIR LINES,
    A Foreign Corporation,
    Doing Business in Michigan,

and

WAYNE COUNTY AIRPORT AUTHORITY,
    A Michigan Authority
    Operating Detroit Metropolitan
        Airport.

Case No. 25 -        -NO

Hon.                  Circuit Judge

Michael Villar (P46324)
Villar Law Offices
141 Riverfront Plaza
Allegan, Michigan 49010
269-673-3292
mike@villarlawoffices.com

Delta Air Lines
Defendant
1030 Delta Boulevard Atlanta
GA 30354-1989, USA
404-715-2600

Wayne County Airport Authority
Defendant
11050 Rogell Drive #602
Detroit, MI 48242
(734) 247-7678

COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

## COMPLAINT

### Allegations Applicable to All Counts

NOW COMES Kathryn Alexander through her attorneys Michael Villar and Villar Law Offices and states the following for her Complaint and Jury Demand:

1. Plaintiff is a resident of the State of Virginia.

2. Defendant Delta Air Lines (Hereinafter "Delta") is an international corporation doing business in Wayne County, Michigan and Defendant Wayne County Airport Authority (Hereinafter "Authority") is an Airport Authority created and authorized to operate the Detroit Metropolitan Airport.

3. Plaintiff traveled through Detroit Metropolitan Airlines utilizing Delta Air Lines.

4. While deboarding Flight 2255 on February 23, 2023, Plaintiff suffered significant injuries.

5. As a passenger who purchased tickets from Defendant, Plaintiff is an invitee and is owed the highest duty of care in Michigan.

6. That duty of care includes, but is not limited to inspect for hazards, warn of dangers, and take reasonable steps to ensure the safety of passengers.

7. On February 23, 2023, as Plaintiff was deboarding the plane, she was rolling her carry-on luggage behind her.

8. There was a gap between the airplane and the boarding bridge that was brought to the plane to allow passengers to deboard.

9. The gap was large enough that Plaintiff's baggage wheels fell into the gap as she was getting off of the plane.

10. When the wheels of her luggage fell into the gap, Plaintiff was caught off guard and fell while deboarding.

11. At least three flight attendants witnessed Plaintiff's fall, along with other passengers and persons in the airport.

12. Plaintiff fell hard on her shoulder, which was fractured by the fall.

13. Plaintiff had to have shoulder replacement surgery on March 23, 2023 in Hampton, Virginia.

14. Plaintiff now has permanent and pronounced scarring in her shoulder area.

2

15. Plaintiff experienced horrific pain and suffering as a result of the fall and her broken shoulder.

16. This pain and suffering continued through her surgery on March 23, 2023.

17. After March 23, 2023, Plaintiff experienced pain and suffering as a result of the surgery and pain and suffering as a result of the extensive rehabilitation she was required to undergo.

18. Plaintiff experienced and continues to experience a permanent loss of range of motion in her shoulder.

19. Plaintiff has incurred thousands of dollars in medical expenses as a result of her injuries.

20. Neither Defendant has paid Plaintiff's medical expenses, even though Plaintiff requested that they be paid.

21. Plaintiff suffered wage loss as a result of her injuries as well, which have not been compensated by either Defendant.

22. Plaintiff has suffered mental and emotional distress as a result of the her preventable injuries.

23. Plaintiff has suffered mental and emotional distress as a result of the permanent scarring on her body.

24. Plaintiff has suffered mental and emotional distress as a result of the permanent loss of motion she has experienced in her shoulder.

25. Plaintiff has suffered mental and emotional distress as a result of having extensive medical bills that have gone unpaid.

COUNT 1
NEGLIGENCE
Applicable to Delta Air Lines

26. Plaintiff reincorporates and realleges Paragraphs 1-25.

27. Plaintiff, as a passenger aboard Delta Airlines, was owed the highest duty of care, including, but not limited to, the duty to inspect for hazards, to warn of dangers, and to take reasonable steps to ensure the safety of passengers.

28. Defendant Delta breached its duty of care owed to Plaintiff by causing the dangerous condition when Defendant failed to place the sky bridge in a safe position for deboarding passengers.

29. Defendant Delta breached its duty of care owed to Plaintiff by failing to examine the sky bridge and it's proximity to the plane, allowing a significant gap between the two.

30. Defendant Delta breached its duty of care owed to Plaintiff by failing to warn her of the gap between the sky bridge and the airplane.

31. Plaintiff could not have foreseen the gap between the sky bridge and the airplane.

32. Defendant Delta, however, should have foreseen that the sizable gap between the sky bridge and the airplane created an unreasonable risk of harm to its passengers.

33. As a result of the breach of duties by Defendant Delta, Plaintiff was injured when she fell as a result of the negligence of Defendant Delta.

34. Plaintiff suffered significant physical, emotional, and mental distress damages as a result of the negligence of Defendant.

35. Plaintiff also suffered monetary damages, including, but not limited to, wage loss, medical bills, the need for replacement services and others.

WHEREFORE, Plaintiff requests that this Honorable Court award her damages in excess of $250,000 against Defendant Delta for physical pain and suffering, mortification, embarrassment, mental distress, emotional distress, permanent loss of bodily function, scarring, exemplary damages, lost wages, medical bills and expenses, replacement services, all consequential damages, and any further relief deemed appropriate by this Honorable Court. Plaintiff also requests attorney fees and actual costs incurred for being forced to bring this action.

## COUNT 2
## NEGLIGENCE
### Applicable to Wayne County Airport Authority

36. Plaintiff reincorporates and realleges paragraphs 1-35.

37. Immediately after the accident, Plaintiff informed Delta Airlines and the workers of the Wayne County Airport Authority of her injuries.

38. Plaintiff, as a passenger in Detroit Metropolitan Airport, was owed the highest duty of care by Defendant Authority, including, but not limited to, the duty to inspect for hazards, to warn of dangers, and to take reasonable steps to ensure the safety of passengers.

39. Defendant Authority breached its duty of care owed to Plaintiff by causing the dangerous condition when Defendant Authority failed to place the sky bridge in a safe position for deboarding passengers.

40. Defendant Authority breached its duty of care owed to Plaintiff by failing to examine the sky bridge and it's proximity to the plane, allowing a significant gap between the two.

41. Defendant Authority breached its duty of care owed to Plaintiff by failing to warn her of the gap between the sky bridge and the airplane.

4

42. Plaintiff could not have foreseen the gap between the sky bridge and the airplane.

43. Defendant Authority, however, should have foreseen that a sizable gap between the sky bridge and the airplane created an unreasonable risk of harm to its passengers.

44. As a result of the breach of duties by Defendant Authority, Plaintiff was injured when she fell as a result of the negligence of Defendant Authority.

45. Plaintiff suffered significant physical, emotional, and mental distress damages as a result of the negligence of Defendant Authority.

46. Plaintiff also suffered monetary damages, including, but not limited to, wage loss, medical bills, the need for replacement services and others.

WHEREFORE, Plaintiff requests that this Honorable Court award her damages in excess of $250,000 against Defendant Authority for physical pain and suffering, mortification, embarrassment, mental distress, emotional distress, permanent loss of bodily function, scarring, exemplary damages, lost wages, medical bills and expenses, replacement services, all consequential damages, and any further relief deemed appropriate by this Honorable Court. Plaintiff also requests attorney fees and actual costs incurred for being forced to bring this action.

Dated: ~~September~~ Oct. 10, 2025

_____
Michael Villar, Attorney for Plaintiff

**JURY DEMAND**

Plaintiff hereby demands a jury.

Dated: ~~September~~ Oct. 10, 2025

_____
Michael Villar, Attorney for Plaintiff